

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CHARLES ALLEN BEERY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:07-CV-0100 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS PETITION
## FOR A WRIT OF HABEAS CORPUS AS TIME BARRED

Petitioner CHARLES ALLEN BEERY has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody wherein he challenges his state court conviction and sentence. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application is time-barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d) and should be DISMISSED.

### I.
### PROCEDURAL HISTORY

On January 20, 2005, petitioner was indicted in Potter County, Texas with multiple counts of aggravated sexual assault of a child (petitioner's granddaughter). *State v. Beery*, No. 50,160. Petitioner entered a plea of guilty to a jury and, on September 7, 2005, the jury assessed punishment at 99 years imprisonment. Petitioner advises he was 70-years-old at the time of sentencing.

Petitioner avers that after his sentence was assessed, his trial attorney avoided contact with petitioner and refused to represent him on appeal. On January 9, 2006, petitioner was appointed new

counsel for appeal. On January 19, 2006, petitioner, through newly appointed counsel, filed a general notice of appeal challenging his conviction and sentence. On March 2, 2006, the Court of Appeals for the Seventh District of Texas dismissed petitioner's appeal for want of jurisdiction as his notice of appeal was not timely filed. The court, however, advised petitioner that he may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals.

On May 2, 2006, petitioner filed a state application for a writ of habeas corpus challenging his September 7, 2005 conviction and sentence.[1] The State filed an answer opposing state habeas relief, attaching thereto an affidavit from petitioner's trial counsel refuting petitioner's allegations of ineffective assistance of counsel. On June 28, 2006, the Texas Court of Criminal Appeals denied petitioner's state habeas application without written order. *See In re Beery*, App. No. 65,029-01. On July 27, 2006, petitioner filed a second state application for a writ of habeas corpus. On November 15, 2006, the Texas Court of Criminal Appeals dismissed petitioner's second state habeas application as a successive petition. On May 4, 2007, petitioner placed the instant federal habeas application in the prison mail system.[2] The petition was received by this Court and filed of record on May 29, 2007. On August 3, 2007, respondent filed a motion to dismiss petitioner's federal habeas application as time barred. On September 19, 2007, petitioner filed a response in opposition to respondent's motion.

---

[1]The undersigned notes petitioner did not specifically seek an out-of-time appeal in his state habeas application as suggested by the state appellate court. Instead, petitioner challenged his conviction on the bases that his trial counsel was ineffective for failing to advise him of a 9-year plea offer by the State, the indictment against him was defective, his conviction was obtained by a violation of his privilege against self-incrimination, and his plea was involuntary as a result of trial counsel's promises that he would receive probation if he pled. Petitioner did, however, allege trial counsel "lied" when he said he would file an appeal but did not. The State's answer and trial counsel's affidavit refuted this allegation.

[2]On his federal application, petitioner failed to certify when his application was placed in the prison mailing system. The envelope in which petitioner's application was mailed reflects a postmark of May 24, 2007. In his response to respondent's motion to dismiss, however, petitioner avers he placed his federal writ application in the prison mailing system on May 4, 2007. Even assuming this date to be correct, and applying the holding of *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court), the instant federal habeas petition is still time barred.

# II.
# STATUTE OF LIMITATIONS

Section 28 U.S.C. § 2244(d)(1) establishes a one-year limitation period for filing a habeas petition in federal court. That subsection provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The record does not reflect that any unconstitutional State action impeded petitioner in his filing of the instant federal writ, 28 U.S.C. § 2244(d)(1)(B), nor do petitioner's claims involve a constitutional right recognized by the Supreme Court in the last year and made retroactive to cases on collateral review, 28 U.S.C. § 2244(d)(1)(C), nor has petitioner shown he could not have discovered the factual predicate of his claims until a date subsequent to the final conviction date. *See* 28 U.S.C. § 2244(d)(1)(D). Accordingly, the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In the instant case, the state trial court imposed petitioner's 99-year sentence on September 7,

2005. Petitioner had thirty (30) days in which to file a Notice of Appeal initiating a direct appeal of his conviction and sentence. *See* Tex. R. App. P. 26.2(a)(1). Petitioner, however, failed to do so. Thus, the time period in which to file his Notice of Appeal expired on October 7, 2005 and petitioner's conviction became final as of that date. Consequently, any federal habeas application challenging his state conviction and sentence was thus due on or before October 7, 2006.[3]

This time period, however, was tolled for the period of time during which petitioner's properly filed applications for State post-conviction relief were pending, *i.e.*, from May 2, 2006 to June 28, 2006, and from July 27, 2006 to November 15, 2006 (57 days and 111 days, respectively). Consequently, petitioner's federal habeas application was due on or before March 26, 2007. Petitioner, however, failed to file the instant federal habeas application until May 4, 2007.[4]

Petitioner's contention that he should be granted equitable tolling is without merit. Generally, "when a prisoner asserts that his ability to file a federal habeas petition has been affected by a state proceeding," the court "will examine the facts to determine whether the prisoner is entitled to equitable tolling under § 2244(d)(1)." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis*, 158 F.3d at 810). Equitable tolling applies only in cases presenting "rare and exceptional circumstances." *Coleman*, 184 F.3d at 402. "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Id.* (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). Here,

---

[3] The undersigned acknowledges that on January 6, 2006, petitioner was appointed new counsel to represent him on appeal and, on January 18, 2006, the state trial court certified petitioner's right of appeal. Said orders of the trial court were far beyond the expiration of the date in which to file a notice of appeal, and do not affect the finality of the conviction and sentence. Moreover, the federal statute does not provide for tolling of the limitation period during the pendency of an untimely appeal.

[4] Again, crediting petitioner's assertion in his response to respondent's motion to dismiss that he deposited the petition in the prison mail system on May 4, 2007 as the petition did not bear such a certification.

petitioner's only argument for equitable tolling is based on the unspecified time period after his sentencing during which he contends he was unable to contact his trial counsel with regard to filing a notice of appeal. Trial counsel's affidavit submitted during the state habeas proceedings refutes this allegation. Moreover, petitioner has not established an definite period of time during which he contends he was actively misled, nor has he attempted to justify the 5 ½ month delay in filing his federal habeas application after the dismissal of his second state habeas application. Petitioner is not entitled to equitable tolling.

Further, while petitioner claims a 99-year sentence for a 70-year-old first-time-offender is severe, the sentence was within the state's statutory limits. A plea for post-conviction leniency, or a claim that an imposed sentence is merely inappropriate considering the circumstances, are improper in a federal habeas corpus proceeding. Petitioner had an opportunity to present his plea for mercy to a jury. The undersigned also notes that even if this Court were to reach the merits of petitioner's claims, the state habeas courts adjudicated petitioner's claims on the merits, thereby prohibiting this Court from granting habeas relief with respect to these claims unless the state court's adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Further, the factual determinations made by the state court would be presumed to be correct and such presumption could only be rebutted by clear and convincing evidence presented by petitioner. 28 U.S.C. § 2254(e).

Petitioner's federal habeas application was not timely filed. Accordingly, it is the opinion of the undersigned Magistrate Judge that petitioner's federal habeas application be dismissed as time barred.

## III.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the application for a writ of habeas corpus filed by petitioner CHARLES ALLEN BEERY be DISMISSED.

## IV.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 10th day of January 2008.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).